## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Matthew Behnfeldt, being duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of an application for a criminal complaint and arrest warrant for Virgil WATKINS.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearm and Explosives ("ATF"), and have been since November 2016.  I am currently assigned to the Toledo, Ohio Field Office.

3. As part of my duties as an ATF Special Agent, my responsibilities include the investigation of criminal violations relating to federal firearms offenses, including the unlawful possession of firearms by convicted felons.   I am a graduate of the Criminal Investigator Training Program and the ATF Special Agent Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I have also participated in the execution of numerous federal arrest warrants.

4. Pursuant to 18 U.S.C. § 3051, I am empowered to enforce criminal laws of the United States.  As a result of my training and experience, I am familiar with federal laws including 18 U.S.C. 922(g)(1), which states: It shall be unlawful for any person who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

5. The facts in this affidavit come from my personal knowledge, my training and experience, information obtained from other law enforcement personnel and from persons with knowledge regarding relevant facts.  This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and arrest warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, I believe that there is sufficient probable cause to believe that, on or about December 30, 2019, in the Northern District of Ohio, Virgil WATKINS violated 18 U.S.C. 922(g)(1), Felon in Possession of a Firearm.

7. On December 30, 2019, Ohio State Highway Patrol (OSHP) Trooper Jeremy Bice was sitting on United States Route 23 facing southbound while checking northbound vehicle speed. It is reported that a Jeep Gladiator truck was observed traveling northbound at a speed higher than the normal rate of speed and Trooper Bice visually estimated the vehicle to be travelling approximately 90 miles per hour (mph) in the posted 65 mph zone. It is reported that Trooper Bice activated his radar unit and got a "clear steady" reading of 90 mph and a traffic stop was initiated near County Road 330 in Wyandot County, Ohio.

8. Your affiant learned that Trooper Bice approached the driver's side door of the above mentioned Jeep Gladiator and found Virgil WATKINS to be the operator and an adult male (hereinafter referred to as INDIVIDUAL A) to be located in the passenger seat. It is reported that, when requested to do so, WATKINS was unable to provide Trooper Bice with a valid driver's license or appropriate identification. At this time, WATKINS complied with directions to exit the vehicle and was placed into the rear of Trooper Bice's OSHP cruiser.

9. While in Trooper Bice's OSHP cruiser, WATKINS provided Trooper Bice with inaccurate information pertaining to his identity and date of birth. Additionally, WATKINS notified Trooper Bice that he did not know his social security number. Trooper Bice read WATKINS his Miranda Rights and WATKINS verbalized that he understood his rights. Trooper Bice reportedly continued questioning WATKINS and asked for WATKINS' permission to search the previously listed vehicle. It is reported that WATKINS indicated that a search of the vehicle could be conducted but Trooper Bice would need to seek permission from INDIVIDUAL A.

10. Your affiant learned that OSHP Trooper Dorthy Gladden, who was providing assistance to Trooper Bice, approached the above-mentioned vehicle and spoke with INDIVIDUAL A. It is reported that INDIVIDUAL A notified Trooper Gladden that he had rented the vehicle and stated that there were no illegal items inside. INDIVIDUAL A reportedly consented to a search of the vehicle and was escorted to the front of Trooper Bice's OSHP cruiser where Trooper Gladden explained a "consent to search form". A subsequent search of the listed vehicle reportedly found one (1) loaded Smith & Wesson, model bodyguard, .380 caliber pistol, serial number KCU6185, one (1) loaded Glock, model 22, .40 caliber pistol, serial number UPG711, one (1) loaded Ruger, model LCP, .380 caliber pistol, serial number 370-20983, and two (2) loaded .556 caliber rifle magazines. OSHP dispatch reportedly caused a query of the Law Enforcement Automated Data System (LEADS) and National Crime Information Center (NCIC) and found that the above-listed Ruger pistol was found to be entered as stolen out of West Virginia.

11. It is reported that when questioned about the aforementioned firearms and rifle magazines, WATKINS notified Trooper Bice that firearms belonged to him. WATKINS reported that the firearms were purchased from "some white guy for $600.00" who included the listed rifle magazines for free as part of the transaction. WATKINS was subsequently taken into custody and charged with Receiving Stolen Property, Ohio Revised Code (ORC) 2913.51 and Improperly Handling Firearms in a Motor Vehicle, ORC 2923.16.

12. Your affiant has caused a query of NCIC and found criminal history records to reflect that, on or about April 15, 2011, in the 39th Circuit Court, Adrian, Michigan, WATKINS was convicted of Felony Breaking and Entering and is prohibited from possessing firearms pursuant to Title 18 U.S.C. 922(g)(1).

13. Your affiant has learned from an ATF Special Agent, trained to determine the interstate nexus of firearms, that the above-listed pistols were not manufactured in Ohio and meet the definition of a firearm as defined in Title 18 U.S.C., Chapter 44, Section 921(a)(3).

14. Based on the above information, I respectfully submit that there is probable cause to believe that, on or about December 30, 2019, Virgil WATKINS violated 18 U.S.C. 922(g)(1), Felon in Possession of a Firearm in the Northern Judicial District of Ohio.

Respectfully submitted,

Matthew R. Behnfeldt
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn to via telephone on this 7th day of January, 2020
after submission by reliable electronic means.
Fed.R.Crim.P.4.1 and 41(d)(3).

James R. Knepp, II
U.S. Magistrate Judge